RUFUS KNIGHT *versus* STEPHEN P. MAYBERRY *&* *al.*

Where the debtor in an execution holds the legal record title to the real estate, neither he, nor his tenant, nor any person holding under him, can maintain trespass against an officer, or the creditor in such execution, for entering upon such real estate, and levying the execution thereon.

*It seems* that the remedy of the *equitable* owner of real estate, who claims that the levy of an execution upon the same, as the property of the one having only the *legal* title thereto, is fraudulent as against him, is in *equity*, and not at *law*.

ON REPORT by DAVIS, J.

The facts are sufficiently stated in the opinion of the Court.

*F. O. J. Smith*, for plaintiff, contended in an elaborate argument, that, upon the evidence offered, the levy was void; that this might be shown in an action at law, and, therefore, that the action may be maintained.

*J. C. Woodman*, for defendant, presented a full argument controverting the positions of the counsel for plaintiff.

As the decision of the Court does not involve the point chiefly argued, the arguments are omitted.

The opinion of the Court was drawn up by

KENT, J.—This is an action of trespass *quare clausum.* It is instituted against a deputy sheriff and creditor, and the act proved, is an entry upon the land for the purpose of levying an execution against one Morse. The facts, as they appear, are substantially these. Morse had the legal title to the land. In 1847 he gave a bond to the plaintiff to convey the land to him upon payment of certain notes, the last payable in seven years.

In 1852 the defendant Mayberry attached the land as the property of Morse. The bond was acknowledged and recorded in 1854. In November, 1857, defendant recovered judgment in his said suit, and, on the seventeenth of the same month, the officer, who is sued, entered upon the land with the appraisers and the creditor, who pointed out the land, to make a levy to satisfy the execution. This levy was completed on the twenty-third of said month. Morse, by deed, conveyed the premises to the plaintiff on the following day, the twenty-fourth of November. The whole amount due on the bond and notes was not paid until the last named day.

The plaintiff offered to prove that the creditor, the defendant Mayberry, knew of the purchase and occupancy of the land by the plaintiff; that his levy of his execution was fraudulent as against the plaintiff, and that he had, by his attachment and proceedings, fraudulently prevented the plaintiff from paying his notes to Morse, and from obtaining a perfect title in law.

The first question that naturally arises is, whether this action of trespass can be maintained against the officer and his assistants, the only act being proceedings necessary to levy the execution. The legal record title clearly remained all the time in Morse, as whose property the land was levied upon. The plaintiff was in possession; but he had not any deed of the land. He might have equitable rights under his bond; but, in law, he was only tenant at will to Morse.

We are not prepared to say that, in such a case, an action of trespass can be maintained against an officer and creditor,

who enter only to make a levy to transfer the legal title. It would be a dangerous precedent to establish against officers, to hold that they may, for such an act, be liable to a suit in which the parties may contest, at immense cost, their titles, and settle their controversies at their expense. It is true, that the defendants cannot strictly justify as acting under the legal title, afterwards acquired and perfected by the levy, because the title does not pass to the creditor until the acts are completed. But the law authorizes the levy, and directs the officer to make it. When made, against a debtor in possession, and who is the undisputed owner of the legal title, such debtor clearly could not maintain trespass for the entry for the purpose of making a levy. And yet, the perfect legal title and full possession is in him, when the officer enters and during all the preliminary proceedings. The officer's protection is, that he has a right and is bound to levy upon the estate, and do all acts necessary to perfect such transfer of title. And if the land is in possession of another, as the tenant of the legal owner, or holding under him, the officer cannot be held as a trespasser; and if the officer cannot be, the creditor, who goes on to point out the land, and the appraisers, cannot be thus held. *Cook* v. *Crommet,* 13 Maine, 255; *Hunnewell* v. *Hobart,* 42 Maine, 565.

The protection which commissioners, appointed by the Court to estimate damages, or to assign dower, or to do any act under such authority, derived from the law, rests upon the principle, that what the law authorizes to be done on the premises will be regarded as lawfully done. The entry, and acts following necessary to the performance, cannot be regarded as a trespass, or such a violation of the legal rights of the party in possession, as will sustain an action.

We do not intend to intimate any opinion in relation to the legal or equitable rights of the parties, beyond the point above considered.

We may properly say, that the questions presented in the able arguments of the counsel, seem to belong appropriately to the equity jurisdiction of the Court, and could in that form

of action be best considered and determined.  The parties, however, must determine for themselves, as they may be advised, as to any further proceeding in relation to the matters between them.                       *Nonsuit confirmed.*

TENNEY, C. J., APPLETON, DAVIS and GOODENOW, JJ., concurred.